**United States Bankruptcy Court**
**Eastern District of Pennsylvania, Reading Division**

| | |
|---|---|
| **IN RE:** | Case No. **16-16254-REF** |
| **Tersigni, Marie Josephine** | Chapter **13** |
| Debtor(s) | |

# FOURTH AMENDED CHAPTER 13 PLAN

[ ] Original  [X] Amended  Date: **November 8, 2017**.

**YOUR RIGHTS WILL BE AFFECTED.** You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan or any motion included below must file a timely written objection. This plan may be confirmed and the motions included below may be granted without further notice or hearing unless written objection is filed before the deadline stated on the separate Notice you should have received from the bankruptcy court. If you have a secured claim, this is notice that your lien may be voided or modified if you do not object to this plan.

**THIS PLAN DOES NOT ALLOW CLAIMS.** You must file a proof of claim to be paid under any plan that may be confirmed.

## 1. PAYMENT AND LENGTH OF PLAN

(a) Debtor shall pay $ **1,000.00** per **month** to the Chapter 13 Trustee starting **December 2017** for approximately **46** months.
   [X] Debtor will pay directly to the trustee
   [ ] A payroll deduction order will issue to the Debtor's employer:

   Month 1 (10/2016) - Month 14 (11/2017) = Total Paid In:       $12,520.94
   Month 15 (12/2017) - Month 60 (9/2021) = Total To Be Paid:    $46,000.00

(b) Other payments to trustee:   **$45,627.86 upon successful sale of Debtor's Residence at 1436 Calypso Ave. Bethlehem, PA. Debtor shall list the property with a licensed real estate agent within 60 days of confirmation of the plan. If the sale is not completed within one year, the Debtor will amend her Chapter 13 Plan to pay the full amount over the remaining months.**

(c) Total amount to be paid to Trustee shall be not less than $ **104,148.80**.

## 2. PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT)
All allowed priority claims will be paid in full unless creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount |
|---|---|---|
| **Anders, Riegel & Masington LLC** | **Attorney fee** | 2,903.00 |
| **Pa. Dept. of Revenue (Claim 1-1)** | **Taxes** | 580.68 |
| **City of Allentown (Claim 14-1)** | **Taxes** | 280.80 |

## 3. SECURED CLAIMS: MOTIONS TO VALUE COLLATERAL AND VOID LIENS UNDER 11 U.S.C. § 506
(a) Debtor moves to value collateral as indicated in the "value" column immediately below. Trustee shall pay allowed secured claims the value indicated or the amount of the claim, whichever is less. The portion of any allowed claim that exceeds the value indicated shall be treated as an unsecured claim. Debtor moves to void the lien of any creditor with "NO VALUE" specified below.

| Creditor | Collateral | Scheduled Debt | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| **Allentown School Dist. (Clam 4-1)** | 1917 Union Blvd, Allentown, | 5,583.37 | | 0.00% | 93.06 |
| **Bethlehem Area School District (5-1)** | 1436 Calypso Ave, Bethlehem | 12,337.14 | | 0.00% | 205.62 |
| **City Of Allentown (Claim 14-1)** | Both Allentown Properties | 14,371.61 | | 0.00% | 239.52 |
| **City of Bethlehem (Claim 6-1)** | 1436 Calypso Ave, Bethlehem | 5,043.68 | | 0.00% | 84.06 |
| **Lehigh County Tax Claim Bureau (Claim 10-1)** | 119 S Carlisle St, Allentown | 2,113.58 | | 0.00% | 35.23 |
| **Allentown School Dist. (Claim 7-1)** | 1917 Union Blvd, Allentown | 2,774.87 | | 0.00% | 46.25 |
| **Lehigh County Tax Claim Bureau (Claim 9-1)** | 1917 Union Blvd, Allentown | 2,426.36 | | 0.00% | 40.44 |
| **Lehigh County Tax Claim Bureau (Claim 8-1)** | 119 S. Carlisle St., Allentown | 3,849.50 | | 0.00% | 64.16 |

| Creditor | Address | Amount | Rate | Payment |
|---|---|---|---|---|
| Bethlehem Area School Dist. (Claim 12-1) | 1436 Calypso Ave, Bethlehem | 4,661.72 | 0.00% | 388.48 |
| Allentown School District (Claim 21-1) | 1917 Union Blvd, Allentown | 3,077.47 | 0.00% | 49.95 |
| Allentown School District Real Estate(22-1) | 119 S. Carlisle St, Allentown | 5,102.07 | 0.00% | 83.53 |

(b) Debtor surrenders or abandons the following collateral. Upon confirmation, the stay is lifted as to surrendered or abandoned collateral.

| Creditor | Collateral to be Surrendered or Abandoned |
|---|---|
| **None** | |

## 4. UNSECURED CLAIMS

**(a) Not Separately Classified**. Allowed non-priority unsecured claims shall be paid:
    [ ] Not less than $ _____ to be distributed pro rata.
    [X] Not less than **100.00** percent **of timely filed Proof of Claims (21,408.00)**.
    [ ] Other: _____.

**(b) Separately Classified Unsecured Claims**

| Creditor | Basis for Classification | Treatment | Amount |
|---|---|---|---|
| **None** | | | |

## 5. CURING DEFAULT AND MAINTAINING PAYMENTS

(a) Trustee shall pay allowed claims for arrearages, and Trustee shall pay regular postpetition contract payments to these creditors:

| Creditor | Collateral or Type of Debt | Estimated Arrearage | Interest Rate (arrearage) | Monthly Arrearage Payment | Regular Monthly Payment |
|---|---|---|---|---|---|
| **None** | | | | | |

(b) Trustee shall pay allowed claims for arrearages, and Debtor shall pay regular postpetition contract payments directly to these creditors:

| Creditor | Collateral or Type of Debt | Estimated Arrearage | Interest Rate (arrearage) | Monthly Arrearage Payment | Regular Monthly Payment |
|---|---|---|---|---|---|
| **None** | | | | | |

## 6. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Executory contracts and unexpired leases are assumed or rejected as follows:

| Creditor/Lessor | Property Description | Assume/Reject |
|---|---|---|
| **Toyota Motor Finance** | **2015 Toyota Corolla** | **Assume** |
| **Gene McFadden** | **Residential Lease for 119 S. Carlisle Street, Allentown** | **Assume** |
| **Bill Gladfelter** | **Residential Lease for 121 S. Carlisle Street, Allentown** | **Assume** |
| **Clifford Dinkel** | **Residential Lease for 123 S. Carlisle Street, Allentown** | **Assume** |
| **Victor Ortiz** | **Residential Lease for 125 S. Carlisle Street, Allentown** | **Assume** |
| **George Rodriguez** | **Residential Lease for 127 S. Carlisle Street, Allentown** | **Assume** |

## 7. OTHER PLAN PROVISIONS AND MOTIONS

**(a) Motion to Avoid Liens under 11 U.S.C. § 522(f)**. Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Collateral | Amount of Lien to be Avoided |
|---|---|---|
| **None** | | |

**(b) Lien Retention**. Except as provided above in Section 5, allowed secured claim holders retain liens until:
    [X] Liens are released at discharge.

[ ] Liens are released upon payment of allowed secured claim as provided above in Section 3.

[ ] Liens are released upon completion of all payments under the plan.

(c) **Vesting of Property of the Estate**. Property of the estate shall revest in Debtor:

[ ] Upon confirmation

[X] Upon discharge

[ ] Other: _____.

(d) **Payment Notices**. Creditors and lessors provided for above in Sections 5 or 6 may continue to mail customary notices or coupons to the Debtor or Trustee notwithstanding the automatic stay.

(e) **Order of Distribution**. Trustee shall pay allowed claims in the following order:
**Trustee Commissions**
**Other Administrative Claims**
**Priority Claims**
**Secured Claims**
**Unsecured Claims**


Dated: **November 8, 2017**

*/s/ Patrick J. Best, Esq*
Signature of Attorney

*/s/ Tersigni, Marie Josephine*
Signature of Debtor

_____
Signature of Spouse (if applicable)